UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-01168-WYD

ALFREDO BEAUCHAMP,

    Plaintiff,

v.

LINDA S. McMAHON, Acting Commissioner of Social Security,[1]

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) filed by Plaintiff's counsel on January 19, 2007.  This motion seeks an additional award of fees in the amount of $4,553.75 for 28.9 hours of work performed by counsel in this Court.  I previously awarded attorney fees under the Equal Access to Justice Act in the amount of $4,543.00 by Order dated August 3, 2005.  Plaintiff's counsel also notes that attorney fees under 42 U.S.C. §406(a) were paid for work at the administrative level in the amount of $5,300.00.

By way of procedural background, I reversed the Commissioner's decision and remanded the case for further administrative proceedings by Order dated April 25, 2005.  Judgment was issued on April 26, 2005.  Upon remand, the ALJ entered a finding of disability and awarded benefits beginning as of July 31, 2001.

---

[1] Ms. McMahon, the Acting Commissioner of Social Security, is substituted for Jo Anne Barnhart pursuant to FED. R. CIV. 25(d)(1).

Turning to my analysis, 42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . "  In this case, Plaintiff's counsel asserts that Plaintiff was awarded past-due benefits in the amount of $57,507.00.

Having reviewed Plaintiff's motions and the attachments thereto which document the fees, I find that the amount of fees sought is reasonable for substantially the reasons set forth in Plaintiff's motion.  I note that Plaintiff entered into a contingent fee agreement whereby counsel would be awarded 25% of the fees.  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002).  Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Id*.

Plaintiff thus contracted with her counsel to pay 25% of past-due benefits, and the amount of fees sought by counsel is less than that.  The requested fee is reasonable because it reflects the contingent nature of the recovery.  I also find that the fee is reasonable because there was a substantial risk of loss in connection with the case, Plaintiff's attorney devoted considerable time and effort to presentation of Plaintiff's position, and the results obtained were favorable to Plaintiff.  Finally, a

response to the motion was filed on February 1, 2007, indicating that the Commissioner does not dispute the reasonableness of the fees. Accordingly, it is

ORDERED that the Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) filed January 19, 2007 is **GRANTED**. In accordance therewith, it is

ORDERED that Plaintiff's counsel is awarded an additional attorney fee sum in the amount of **$4,553.75**.

Dated: February 9, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge